# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30906

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

KHANG LE,

      Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:15-CR-202-1

Before DAVIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

      Defendant Khang Le pleaded guilty to wire fraud for embezzling funds from the bank accounts he controlled as president of the Vietnamese Buddhist Association of Southwest Louisiana (the "Temple"). Le was ordered to pay the total amount taken from the Temple's bank accounts, $263,463.36. Le appeals the restitution award, asserting that the district court plainly erred by failing

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30906

to offset the award amount by an unascertained sum that Le placed back into the accounts.  Finding no error, we AFFIRM.

I.

Le served as the president and presiding monk of the Temple from 2010 until October 2014.  From January 2013 through August 2014, Le withdrew money without authorization from the Temple's bank accounts to fund his gambling trips to a casino in Lake Charles, Louisiana.  Wrongfully and with the intent to defraud, Le withdrew $263,463.36 in total from the Temple's accounts.

Le was charged with wire fraud under 18 U.S.C. § 1343 and pleaded guilty to the charge, stipulating to the facts above and acknowledging that restitution was mandatory.  Le's Presentence Investigation Report ("PSR") found the Temple's total loss to be $263,463.36, which was used to set Le's range of imprisonment under the Sentencing Guidelines at 27 to 33 months. The PSR noted that the total loss amount could be less because Le may have put funds back into the accounts, but the PSR did not suggest a restitution amount.  Le filed a presentence memorandum arguing that he should receive a downward variance in his offense level because the Temple's actual loss amount was less than the amount listed in the PSR.  Le's memorandum did not address the restitution amount.

During the sentencing hearing, both Le and the government agreed that the restitution award was difficult to quantify because of the nature of the withdrawals and the fact that Le redeposited an unspecified amount back into the Temple's bank accounts.  There was no dispute that the total amount Le withdrew from the Temple's accounts was $263,463.36.  But Le argued that his sentence should be based on an actual loss amount that was closer to $100,000, but could not produce evidence to prove the amount he redeposited. The district court imposed a sentence of 30 months' imprisonment followed by

2

No. 16-30906

three years of supervised release, and ordered restitution in the amount of $263,463.36. Le made a general objection to the reasonableness of the sentence, but did not object to the restitution amount.

Le appeals, arguing that the district court plainly erred by basing its restitution order on the total loss amount without offsetting the award with the unquantifiable cash deposits Le made to the Temple's bank accounts.

## II.

The Mandatory Victim Restitution Act ("MVRA") requires a district court to award restitution to victims "directly and proximately harmed as a result of the commission of [the defendant's] offense."[1] "The purpose of restitution under the MVRA is to compensate victims for losses, not to punish defendants for ill-gotten gains."[2] The MVRA "does not permit a court to award a windfall greater than the victim's actual loss."[3] In the case of an offense involving stolen property, loss is calculated as the greater of the value of the property on the date of the loss or on the date of sentencing "less . . . the value . . . of any part of the property that is returned[.]"[4]

The MVRA contemplates a burden-shifting approach. The Government has the initial burden of proving a victim's loss.[5] The defendant bears the burden of demonstrating his or her economic circumstances.[6] And "[t]he burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires."[7] Thus the MVRA "allocates the various burdens of proof among the parties who are best

---

[1] 18 U.S.C. § 3663A(a)(1)-(2).

[2] *United States v. Sharma*, 703 F.3d 318, 322 (5th Cir. 2012).

[3] *United States v. De Leon*, 728 F.3d 500, 506 (5th Cir. 2013).

[4] 18 U.S.C. § 3663A(b)(1).

[5] *Id.* § 3664(e).

[6] *Id.*

[7] *Id.*

able to satisfy those burdens and who have the strongest incentive to litigate the particular issues involved."[8]  Consequently, this Court has construed the "as justice requires" clause to place the burden on the defendant to establish any offset to a restitution order.[9]  Similarly, as long as the loss amount has an adequate evidentiary basis, the burden is on the defendant to present rebuttal evidence demonstrating that the information is "inaccurate or materially untrue."[10]

First, Le argues that the district court plainly erred in calculating the restitution award based on the intended loss amount used for sentencing enhancement purposes, rather than the Temple's actual loss.[11]  We disagree. There is no indication in the record that the district court, the probation officer, or either of the parties viewed the $263,463.36 as an intended loss amount.  In fact, Le's PSR describes the sum as the "total loss" amount.  And Le conceded that he withdrew $263,463.36 from the Temple's bank accounts.  The record shows that Le both intended to and actually withdrew $263,463.36 from the Temple's accounts.  There are no statements in the record about Le's "intended loss."  There is, however, ample evidence that the parties were trying to calculate "actual loss" based on the limited information available.  While the "value of the property on the date of the loss" was ascertainable, the "value . . . of any part of the property that [Le] returned" to the bank accounts was not.[12] Therefore, the district court did not err in basing Le's restitution amount on the total loss amount of $263,463.36.

---

[8] *United States v. Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998).

[9] *Id.*; *see also, e.g.*, *Sharma*, 703 F.3d at 325–26; *United States v. Loe*, 248 F.3d 449, 470 (5th Cir. 2001).

[10] *United States v. Scher*, 601 F.3d 408, 413 (5th Cir. 2010).

[11] *See* U.S.S.G. § 2B1.1 cmt. n.3(A) (defining intended loss as "the pecuniary harm that the defendant purposely sought to inflict," which may differ from the actual loss sustained by the victim).

[12] 18 U.S.C. § 3663A(b)(1).

No. 16-30906

Second, Le argues that the government failed to prove actual loss by a preponderance of the evidence, as required by the MVRA. Again, we disagree. As stated above, the government has the initial burden to prove by a preponderance the Temple's loss.[13] The government met this burden by proving Le withdrew the sum certain amount of $263,463.36 from the Temple's bank accounts. Le had the burden to demonstrate that the actual loss should be offset by funds he redeposited back into the Temple's accounts.[14] Le was in the best position to produce evidence as to the amount he returned into the accounts, so justice would demand that the burden be placed upon him to show this fact.[15] Le vaguely asserts that he redeposited an unspecified (apparently unknown) sum back into the Temple's accounts, so his restitution award should be offset by this sum. Le failed to carry his burden to produce evidence of the amount he redeposited, so we find no error in the district court ordering the full amount withdrawn from the accounts in restitution.

### III.

In sum, we hold that the district court did not commit error, plain or otherwise, in ordering Le to pay $263,463.36 in restitution. Therefore, we AFFIRM the district court's restitution order.

---

[13] *See id.* § 3664(e).

[14] *See Sheinbaum*, 136 F.3d at 449.

[15] *See id.*

5